Sabrina M. Galli
ROBINSON & COLE LLP
666 Third Avenue
Chrysler East Building, 20th Floor
New York, NY 10017
Tel. No. (212) 451-2900
Email: sgalli@rc.com

Dennis C. Cavanaugh (*pro hac vice* forthcoming)
Larry E. Grijalva (*pro hac vice* forthcoming)
ROBINSON & COLE LLP
One State Street, 19th Floor
Hartford, CT
Tel. No. (860) 275-8200
Email: dcavanaugh@rc.com
Email: lgrijalva@rc.com

*Attorneys for Plaintiff B W Electrical Services LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BW ELECTRICAL SERVICES LLC | )<br>)<br>) Civil Action No._____<br>) |
| Plaintiff, | )<br>) |
| v. | ) ***Document electronically filed.***<br>) |
| HARCO NATIONAL INSURANCE COMPANY | )<br>) **VERIFIED COMPLAINT AND**<br>)     **JURY DEMAND** |
| Defendant. | )<br>) |

Plaintiff B W Electrical Services LLC ("BW"), by and through its attorneys, Robinson & Cole, LLP, as and for its Complaint against Defendant Harco National Insurance Company ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff BW furnished certain labor, materials, and equipment as a sub-subcontractor to Epic Mechanical, Inc. ("Epic") in connection with a construction project known

- 1 -

as New Grade 7-9 School, Union City School District, Contract No. HU-0029-B01, located at 516 36th Street, Union City, New Jersey (the "Project").

2. Upon information and belief, Epic was retained as an electrical subcontractor to Project's general contractor, Dobco, Inc. ("Dobco"), for the performance of certain electrical services at the Project.

3. Defendant is the surety on a labor and material payment bond numbered MAHNSU 0853216 (the "Bond") issued by Defendant, as surety, and Epic, as principal, to Dobco, as obligee, in the amount of $7,400,000.00, in connection with the Project. *See* Payment Bond, annexed hereto as **Exhibit A**.

4. Under the terms of the Bond, Defendant and Epic are jointly and severally liable to pay for labor, materials and equipment furnished for use in the performance of Epic's subcontract with Dobco. *See* **Exhibit A**, §1.

5. There is due and owing to BW a sum of $132,049.87, together with interest thereon and costs, on account of labor and materials furnished by BW to Epic for use at, and improvement of, the Project.

6. Despite demand, Defendant has failed and refused to make payment of the amount due to BW for labor, materials, equipment furnished to the Project.

7. This action asserts a payment bond claim against Defendant, seeking to recover the amounts due to BW for the Project.

**PARTIES, JURISDICTION AND VENUE**

8. BW is a limited liability company duly organized and existing under and by virtue of the laws of the State of New Jersey with its place of business located at 239 Homestead Road, Hillsborough Township, New Jersey.

9. At all times relevant hereto, Defendant was and/or is an Illinois corporation, organized and existing under the laws of the State of Illinois and authorized to do business in the State of New Jersey by the New Jersey Department of Banking & Insurance with its place of business located at 1701 Golf Road, Suite 1-600, Rolling Meadows, IL 60008.

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Pursuant to 28 U.S.C. § 1332, this Court possesses diversity jurisdiction over this action.

12. Pursuant to 28 U.S.C. § 1391(b)(2), venue lies in the United States District Court for the District of New Jersey as the location of the Project is within the jurisdiction of the District of New Jersey.

13. Pursuant to the terms of the Bond, any suit or action filed in connection with the Bond must be commenced in a court of competent jurisdiction in the location in which the Project is located or where the obligee is located.

14. Therefore, under the terms of the Bond, the venue is also proper because the Project is located within the jurisdiction of the District of New Jersey.

## **COUNT I**

15. BW repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 14 of this Complaint as if set forth fully here.

16. Epic, as an electrical subcontractor, entered into a subcontract with Dobco, Inc., as general contractor, to furnish all of labor, materials, and equipment required for the performance of certain electrical improvements to the Project.

17. Thereafter, Epic, as the Project's electrical subcontractor, issued two purchase orders to BW for the provision of certain labor, materials, and equipment, as an electrical sub-

subcontractor, for the Project's electrical system. *See* Purchase Orders, annexed collectively hereto as **Exhibit B**.

19. Upon information and belief, Defendant, as surety, and Epic, as principal, issued the Bond, guaranteeing jointly and severally, prompt payment of all monies due to all persons furnishing labor and materials used, or reasonably required for use, in connection with the above-referenced Project. *See* **Exhibit A**.

19. BW has performed all of its obligations under the terms of its agreement with Epic to the extent it has not been frustrated and/or impeded by Epic, and has complied with all of the conditions of the Bond.

20. BW is currently owed $132,049.87, plus interest thereon, for the labor performed, and materials furnished, to Epic for the Project, no payment has not been made by Epic, although demand has been duly made.

21. Defendant and Epic are jointly and severally liable to BW.

22. Pursuant to the terms of the Bond, BW was required to give notice to the Defendant and send a copy, or notice thereof, to the Bond Principal, stating that a claim is being made under the Bond. *See* **Exhibit A**, §4.

23. Upon satisfaction of the requirements of Section 4 of the Bond, Defendant was required to "[s]end an answer to [BW], with a copy to [Dobco], within 10 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed." and "[p]ay or arrange for payment of any undisputed amounts". *Id.*, §6.

24. On or about September 25, 2025, BW sent correspondence to Defendant detailing its claim under the Bond and requesting payment as required under the terms of the Bond, thus fulfilling the Bond's notice requirement. *See* Correspondence dated September 25, 2025, annexed hereto as **Exhibit C**.

25. Despite demand, Defendant failed to make any payment under the Bond, or state the amount of any undisputed amounts due under the Bond or the basis for challenging disputed amounts within 10 days of receipt of BW's notice, as required under the terms of the Bond.

26. Therefore, Defendant has waived all defenses, if any, to BW's Bond claim, and the entire value of BW's claim is now due and owing.

27. By reason of the above, BW has been damaged, and demands judgment against Defendant, in the amount of $132,049.87, together with interest thereon, attorneys' fees, and the costs of this action.

**WHEREFORE**, Plaintiff B W Electrical Services LLC demands judgment as follows:

a. On the First Cause of Action, judgment against Defendant, in the amount of $132,049.87, together with interest thereon and the costs and disbursement of this action; and

b. For such other and further relief as to this Court may seem just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 23, 2026

Respectfully submitted,

**B W Electrical Services LLC**

By its attorneys,

s/ *Sabrina M. Galli*
Sabrina M. Galli
ROBINSON & COLE LLP
666 Third Avenue
Chrysler East Building, 20th Floor
New York, NY 10017
Tel. No. (212) 451-2900
Email: sgalli@rc.com

        Dennis C. Cavanaugh (*pro hac vice forthcoming*)
        Larry E. Grijalva (*pro hac vice forthcoming*)
        ROBINSON & COLE LLP
        One State Street, 19th Floor
        Hartford, CT
        Tel. No. (860) 275-8200
        Email: dcavanaugh@rc.com
        Email: lgrijalva@rc.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civ. Rule 11.2, I hereby certify to the best of my knowledge, information and belief, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

        Respectfully submitted,

        s/ *Sabrina M. Galli*
        Sabrina M. Galli
        ROBINSON & COLE LLP
        666 Third Avenue
        Chrysler East Building, 20th Floor
        New York, NY 10017
        Tel. No. (212) 451-2900
        Email: sgalli@rc.com

        Dennis C. Cavanaugh (pro hac vice forthcoming)
        Larry E. Grijalva (pro hac vice forthcoming)
        ROBINSON & COLE LLP
        One State Street, 19th Floor
        Hartford, CT
        Tel. No. (860) 275-8200
        Email: dcavanaugh@rc.com
        Email: lgrijalva@rc.com

        *Attorneys for Plaintiff B W Electrical Services LLC*

Dated: January 23, 2026

# EXHIBIT A

# PAYMENT BOND

Bond Number: __MAHNSU 0853216__

KNOW ALL MEN BY THESE PRESENTS, that __Epic Mechanical, Inc.__, as principal (the "Principal") and __Harco National Insurance Company__, as surety (the "Surety") hereby agree to be firmly bound unto **Dobco, Inc.** as obligee (the "Obligee") in the penal sum of __Seven Million, Four Hundred Thousand and 00/100__ Dollars ($__7,400,000.00__) for payment of which well and truly to be made, we hereby jointly and severally bind ourselves, our heirs, executors, administrators, successors and assigns.

WHEREAS, the Principal has entered into a written subcontract with the Obligee, dated the __19th__ day of __July__, __2023__ (together with all contract documents and changes incorporated therein, collectively the "Subcontract"), for performance by Principal of the work described therein on the project known as **Union City Grades 7-9 School**

NOW, THEREFORE, THE PARTIES HEREBY AGREE AS FOLLOWS:

1. The Principal and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Obligee (the "Obligation") to pay for labor performed, and/or materials and equipment furnished for use in the performance of the Subcontract, which is incorporated herein by reference. The Obligee may bring a claim, suit or action hereunder at any time the conditions set forth in Subparagraphs 2.1 and 2.2 below are not satisfied.

2. With respect to the Obligee, the Obligation shall be null and void only after the Principal:

    2.1 Promptly makes payment in full, directly or indirectly, for all sums due Claimants; and

    2.2 Defends, indemnifies and holds harmless the Obligee from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Subcontract.

For purposes hereof, "Claimant" shall mean an individual or entity having a direct contract with the Principal or with a subcontractor of the Principal to perform and/or furnish labor, materials or equipment for use in the performance of the Subcontract.

3. With respect to Claimants, the Obligation shall be null and void only after the Principal promptly makes payment in full, directly or indirectly, for all sums due.

4. The Surety shall have no obligations to Claimants under this Bond until:

    4.1 Claimants who are employed by or have a direct contract with the Principal have given notice to the Surety and sent a copy, or notice thereof, to the Obligee, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

    4.2    Claimants who do not have a direct contract with the Principal:

    (a)    Have furnished written notice to the Principal and sent a copy, or notice thereof, to the Obligee, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

    (b)    Have either received a rejection in whole or in part from the Principal, or not received within 10 days of furnishing the above notice any communication from the Principal by which the Principal has indicated the claim will be paid directly or indirectly; and

    (c)    Not having been paid within the above 10 days, have sent a written notice to the Surety and sent a copy, or notice thereof, to the Obligee stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Principal.

    5.    A notice required by Paragraph 4 that is given by the Obligee to the Principal or to the Surety on behalf of Claimant shall be deemed sufficient compliance with Paragraph 4.

    6.    When the Claimant (or the Obligee) has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

    6.1    Send an answer to the Claimant, with a copy to the Obligee, within 10 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

    6.2    Pay or arrange for payment of any undisputed amounts.

    7.    The Surety's total obligation hereunder shall not exceed the amount of this Bond.

    8.    Amounts owed by the Obligee to the Principal under the Subcontract shall be used for the performance of the Subcontract and to satisfy claims, if any, under any Performance Bond. By the Principal furnishing and the Obligee accepting this Bond, they agree that all funds earned by the Principal in the performance of the Subcontract are dedicated to satisfy obligations of the Principal and the Surety under this Bond, subject to the Obligee's priority to use the funds for the completion of the work pursuant to the Subcontract.

    9.    The Surety shall not be liable to the Obligee, Claimants or others for obligations of the Principal that are unrelated to the Subcontract. The Obligee shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have no obligation under this Bond to make payments to, give notices on behalf of, or otherwise have obligations to any Claimant under this Bond, except as otherwise stated herein.

    10.    The Surety hereby waives notice of any change, including changes of time to the Subcontract or to related subcontracts, purchase orders, and other obligations, and stipulates and agrees that no modifications, omissions or additions in or to the terms of the Subcontract, or in or

to the plans and specifications therefore, shall in any way affect the obligations of the Surety on its bond.

11. This Agreement, and the respective rights and obligations of the parties hereunder will be governed by the same laws as set forth in the Subcontract documents. No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or where the Obligee is located.

12. All notices required or permitted to be sent hereunder shall be mailed or delivered to the party's address set forth below unless another address has been designated in writing. Notice shall be deemed to have been duly received by a party (i) at the time delivered to an agent of the other party, if personally delivered; (ii) two business days after deposited in the mail, postage prepaid, if mailed first-class; (iii) when receipt of confirmation of delivery occurs, if telecopied during regular business hours; and (iv) on the next business day, if timely delivered to an air courier guaranteeing overnight delivery.

<u>As to Principal:</u>
Name: Epic Mechanical, Inc.
Address: 3320 Route 66
Neptune, NJ 07753
ATTN: Wayne Friedland

<u>As to Surety:</u>
Name: Harco National Insurance Company
Address: 4200 Six Forks Rd, Ste 1400
Raleigh, NC 27609
ATTN: Kyle Murphy

13. When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent of this Bond shall be to include, without limitation in terms, "labor performed, materials, provisions, provender or other supplies or equipment, water, gas, fuels, power, light, heat, oil, gasoline, implements, machinery, telephone service or rental equipment furnished and/or used in the performance of the Subcontract, architectural and engineering services required for performance of the work of the Principal or the Principal's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished."

14. Upon request by any person or entity appearing to be a potential Claimant or beneficiary of this Bond, the Principal shall promptly furnish a copy of this Bond or shall permit a copy to be made.

15. All the terms and provisions of this Bond shall be binding upon, inure to the benefit of and be enforceable by the Surety, the Principal, the Obligee and the permitted Claimants hereunder, and each of their respective successors and assigns.

CONTRACTOR AS PRINCIPAL
Company: Epic Mechanical, Inc.
By: _____
Name: Wayne Friedland
Title: President

Address: 3320 Route 66, Neptune, NJ 07753

Dated: May 6, 2024

SURETY:
Company: Harco National Insurance Company
By: _____
Name: Evan Rodwell
Title: Attorney-in-Fact

Address: 4200 Six Forks Rd, Ste 1400
Raleigh, NC 27609

Affix corporate seals

[Harco National Insurance Company Corporate Seal 1984 Illinois]

# EXHIBIT B



# Work Order

Contact:  Saurin Patel
sp@epicmechanical.com

P.O. Number: 298960
Date Ordered: 12/30/2024
Subcontractor: BW Electrical Services LLC

| Bill To | Location |
|---|---|
| Epic Mechanical, Inc.<br>3320 N-66<br>Neptune, NJ 07753 | Union City 7-9 School<br>Union City, NJ |

| Qty | Description | Price | Subtotal |
|---|---|---|---|
| 1.00 | E03-3 Electrician - Subcontractor | $81,270.00 | $81,270.00 |
| 1.00 | Install Misc Mechanical Equip 726002-07 | $16,979.87 | $16,979.87 |
|  |  | Subtotal: | $98,249.87 |
|  |  | Taxes: | $0.00 |
|  |  | Shipping: | $0.00 |
|  |  | **Total Price:** | **$98,249.87** |

| Comments or Special Instructions |
|---|
| T&M PO to install Destratification Fans. |



# Purchase Order

| | |
|---|---|
| Contact: Debbie Esparra | P.O. Number: 299090 |
| de@epicmechanical.com | Date Ordered: 5/2/2025 |
| | Vendor: BW Electrical Services LLC |
| | Job: 23-0205 Union City Grades 7-9 School |

| Bill To | Ship To |
|---|---|
| Epic Mechanical, Inc.<br>3320 N-66<br>Neptune, NJ 07753 | Union City Middle School<br>Delivery Date: 5/2/2025 |

| Qty | Description | Item # | Price | Subtotal |
|---|---|---|---|---|
| 1.00 | E03-3 Electrician - Subcontractor | | $33,800.00 | $33,800.00 |
| | | | Subtotal: | $33,800.00 |
| | | | Taxes: | $0.00 |
| | | | **Total Price:** | **$33,800.00** |

| Comments or Special Instructions |
|---|
| Provide and install duct detectors and test switches at 26 fire smoke detectors |

# EXHIBIT C

Case 2:26-cv-00760-WJM-SDA     Document 1     Filed 01/23/26     Page 15 of 18 PageID: 15

| | |
|---|---|
| **From:** | Will Pearce |
| **To:** | Michael Wojtowicz |
| **Cc:** | Ed Highers; Sean MacDonald; Joe Bowbliss |
| **Subject:** | Re: Epic Mech. Invoices |
| **Date:** | Thursday, September 25, 2025 8:54:26 AM |

EXTERNAL: Caution, this email originated from outside the organization. Do not click links or open attachments unless you can verify the sender and know the content is safe.

This is to acknowledge receipt. I will have a proof of claim form and formal acknowledgment letter sent to you shortly. Harco reserves all rights and defenses held by it and/or Epic

Get Outlook for iOS

**From:** Michael Wojtowicz <mwojtowicz@bwes.com>
**Sent:** Thursday, September 25, 2025 8:43:51 AM
**To:** Will Pearce <Will.Pearce@iatinsurance.com>
**Cc:** Ed Highers <ehighers@bwes.com>; Sean MacDonald <smacdonald@bwes.com>; Joe Bowbliss <jbowbliss@bwes.com>
**Subject:** [EXTERNAL] Epic Mech. Invoices

CAUTION: This email originated from outside IAT. Do not click on links or open attachments unless you recognize the sender and confirm the content is safe.

Good Morning Mr. Pearce,

We have performed work per the direction of Epic Mechanical on the Union City Middle School Project and have zero success in collecting the billed invoices. Therefore, we would like to file a claim on their payment and performance bond.

I have attached all of the pertinent backup.

Please let me know when and how this will be handled.

Thank You!

Michael Wojtowicz
President / CEO

**BW Electrical Services LLC**

NJ Electrical License 13762

239 Homestead Road  Unit 2  Hillsborough, N.J. 08844
Phone: 908-281-0660
Cell:    732-620-2913

---

**From:** Joe Bowbliss <jbowbliss@bwes.com>
**Sent:** Thursday, September 04, 2025 7:41 AM
**To:** Marwan Zoweil <marwanz@dobcogroup.com>; Hossam Ibrahim <hossami@dobcogroup.com>
**Cc:** Eric Testa <etesta@bwes.com>; George Adelung <gadelung@bwes.com>; Ed Highers <ehighers@bwes.com>; Michael Wojtowicz <mwojtowicz@bwes.com>
**Subject:** Epic Mech. Invoices

Good Morning Marwan,

As you are aware, Epic Mechanical had asked BW to do work on their behalf on this project and even issued purchase orders for some of the work performed. Despite numerous attempts to get paid we have not received any responses to date. We formally request Dobco's assistance in collecting these funds. I have attached all open invoices to date as well as the Epic purchase orders. We also reserve the right to bill for any additional work done on their behalf that is not included in this email.

Thanks

Joe Bowbliss
Director of Construction / South



NJ Electrical License 13762
239 Homestead Road   Hillsborough, N.J.   08844
Cell: 908-413-1424
Email: jbowbliss@bwes.com
www.bwes.com [bwes.com]

**CONFIDENTIALITY NOTICE**
This email is solely for the use of the intended recipient(s) and may contain information and attachments that are confidential, privileged or otherwise sensitive in nature.   Please do not disseminate this email or any of its attachments without the permission of the sender.  If this email has been received in error, please do not read, copy, use, forward or disclose the email or any of its attachments to others.  Instead, immediately notify the sender by replying to this email and then delete it from your system.  Transmission of this email is not to be construed as a waiver of any rights of confidentiality or applicable privilege.

**NO BINDING AGREEMENT**

This email does not constitute an agreement to conduct transactions by electronic means and does not create any legally binding contract or enforceable obligation in the absence of a fully signed written contract.